FILED
SUPERIOR COURT
OF GUAM

2022 MAY 17 PM 2: 10

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| 888 GUAM LLC dba<br>CLEAN SHOT GUAM,<br><br>                 Plaintiff,<br><br>vs.<br><br><br>JASON PAUL CASTRO CAMPOS and<br>GINA ANN P. CAMPOS,<br><br>                 Defendants. | Civil Case No. CV0680-19<br><br><br>**DECISION AND ORDER**<br>Plaintiff's Motion for Attorney's Fees<br>and Costs |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 1, 2022, for a hearing on 888 Guam LLC dba Clean Shot Guam's ("Plaintiff") Motion for Attorney's Fees and Costs. Plaintiff was represented by Attorney Minakshi V. Hemlani. Defendants Jason Paul Castro Campos and Gina Ann P. Campos ("Defendants") were represented by Attorney Mark Williams. After considering the pleadings, oral arguments, and applicable law, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs.

## BACKGROUND

This case arises from Plaintiff's Verified Complaint for Specific Performance and Alternatively for Breach of Contract filed on May 31, 2019. The Verified Complaint concerns an option to purchase real property described as 311 Monessa Lane, Pago Bay, Chalan Pago ("Property") executed by the parties on or about July 25 and 26, 2014. *See* V. Compl. ¶ 5 (May 31, 2019).

On July 8, 2019, Defendants filed a Notice of Bankruptcy indicating that they filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court, District Court of Guam ("District Court of Guam"). As a result, proceedings in the instant case were stayed pursuant to 11 U.S.C. § 362.

About a year later, on July 6, 2020, Plaintiff filed a Notice of Bankruptcy Case Dismissal indicating that Defendants' bankruptcy case was dismissed. Plaintiff served a copy of the Notice via certified mail to Defendants' last known address on July 7, 2020. A status hearing was held on September 29, 2020, where neither Defendants nor their counsel appeared. The next day, September 30, 2020, Plaintiff filed a Motion for Entry of Default and Judgment, which was served on Defendants' counsel via email. Then on October 7, 2020, an Entry of Default was entered by the Clerk of Court.

Defendants filed their Answer and Counterclaim in the instant case on October 22, 2020. Then on October 30, 2020, Defendants filed an Opposition to the Motion for Default. Plaintiff filed its Reply on November 11, 2020. A hearing on Plaintiff's Motion for Default was held on December 3, 2020. After taking the matter under advisement, the Court issued a Decision and Order granting Plaintiffs' Motion for Entry of Default Judgment on December 30, 2020. The decision upheld the Entry of Default entered by the Clerk of Court, and ordered Defendants to perform their obligations under the Lease/Purchase Agreement and convey

marketable title to the Property. The Court also ordered that Defendants' Answer and Counterclaim be stricken from the record. *See* Decision & Order p. 6 (Dec. 30, 2020).

On March 11, 2021, Defendants filed a Motion to Set Aside Default Judgment. Plaintiff filed its Opposition on April 5, 2021. Defendants filed their Reply on April 22, 2021, and Plaintiff filed its Surreply on May 24, 2021. A hearing on Defendants' Motion to Set Aside Default Judgment was held on May 26, 2021, where the Court took the matter under advisement. On August 11, 2021, the Court issued its Decision and Order wherein it denied Defendants' Motion to Set Aside Default Judgment, and again ordered Defendant to specifically perform their obligations due under the Lease/Purchase Agreement and convey marketable title to the Property to Plaintiff by General Warranty Deed. Decision & Order p. 9 (Aug. 11, 2021).

On September 22, 2021, Plaintiff filed a Request for Hearing to Finalize Purchase Price where it included an accounting for the reimbursement of attorney's fees and costs. *See* Pl.'s Req. For Hearing p. 3 (Sept. 22, 2021). On December 28, 2021, Defendants filed their Objection to Plaintiff's Attorney Fee Request. On January 3, 2022, Plaintiff filed a Motion for Attorney's Fees and Costs. Defendants filed their Opposition to Plaintiff's Motion for Attorney's Fees on January 31, 2022. Plaintiff filed its Reply on February 14, 2022. A hearing on Plaintiff's Motion for Attorney's Fees was held on March 1, 2022, and the Court took the matter under advisement.

## DISCUSSION

**I.   The Court may award reasonable attorney's fees and costs to Plaintiff as the prevailing party pursuant to the Lease/Purchase Agreement.**

Guam follows the American rule for attorney's fees in civil cases. *Fargo Pacific, Inc. v. Korando Corp.*, 2006 Guam 22 ¶ 49; citing *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. Generally, "the American rule is that each party bears its own expenses of litigation, including attorney's fees." *Id.* Guam also recognizes the exception that attorney's fees are allowed where they are provided for in a contract. *Id.;* citing *Mobil Oil Guam ("Mobil"), Inc. v. Tendido*, 2004 Guam 7 ¶¶ 43 - 49. When an exception applies, fee-shifting is allowed. *Fleming*, 2003 Guam 4 ¶ 7.

### a.  Contract Exception

Here, Paragraph 21(e) of the Lease/Purchase Agreement provides that "[i]n the event that any legal proceeding is brought to enforce any right or obligation under this Lease/Option … the prevailing party shall recover its reasonable court costs and attorney fees from the non-prevailing party." *See* V. Compl. Ex. A (May 31, 2019). The Lease/Purchase Agreement is a contract executed by the parties, which includes language allowing the prevailing party to recover reasonable costs and attorney fees. As such, the contract exception to the American rule applies here. The Court now turns to identify the prevailing party.

### b.  Prevailing Party

"Generally, the prevailing party to a suit, for the purpose of determining who is entitled to attorney fees, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issues." *Rahmani v. Park*, 2011 Guam 7 ¶ 61; *see* also *Guam Mem'l Hosp. ("GMH") v. Civil Serv. Comm'n*, 2015 Guam 18 ¶ 46 ("Generally, the prevailing party to a suit, for purposes of entitlement to recovery of costs in a

contested case, ordinarily means the party achieving a favorable judgment.") Making the determination of whether a party prevailed "requires the trial court to look at the lawsuit as a whole." *GMH*, 2015 Guam 18 ¶ 46.

Here, the record reflects three instances indicating that Plaintiff is the prevailing party. First, after Plaintiff filed the Notice of Bankruptcy Case Dismissal on July 2, 2020, the Court held a status hearing on September 29, 2020, where Defendants and defense counsel failed to appear. This led Plaintiff to file its Motion for Entry of Default and Judgment on September 30, 2020. Then, on October 7, 2020, an Entry of Default was entered by the Clerk of Court.

Second, on October 22, 2020, Defendants untimely filed their Answer and Counterclaim in the instant case. About 23 days after the Default was already entered, Defendants filed their Opposition to Plaintiff's Motion for Default on October 30, 2020. On December 30, 2020, the Court issued its Decision & Order in favor of Plaintiff, wherein it upheld the Entry of Default Judgment entered by the Clerk of Court, and ordered Defendants' Answer and Counterclaim be stricken from the record.

Third, on March 11, 2021, Defendants filed a Motion to Set Aside Default Judgment, and a hearing on the motion was held on May 26, 2021. After taking the matter under advisement, the Court issued its Decision and Order in favor of Plaintiff wherein it denied Defendants' Motion to Set Aside Default Judgment, and ordered Defendants to specifically perform under the Lease/Purchase Agreement. In light of the circumstances the Court finds that Plaintiff is the prevailing party and is entitled to reasonable attorney's fees and costs pursuant to the parties' Lease/Purchase Agreement.

**II. Plaintiff's attorney's fees are reasonable and an across-the board fee reduction is not warranted.**

The American rule has attained "common law" status in the United States, and it has developed as part of the American jurisprudence both at the federal and state levels. *Fleming*, 2003 Guam 4 ¶ 13. While the Guam Supreme Court has adopted the American rule for attorney's fees, it has not yet addressed the method for determining the reasonableness of attorney's fees. As such, this Court finds federal case law to be highly persuasive authority in its analysis.

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court." *United States for use and benefit of Porges Electrical Group, Inc. ("Proges Electrical") v. Travelers Casualty and Surety*, 2022 WL 1125377 *5 (D. Guam 2022); citing *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (Cal. 2000). Courts used the "lodestar method" to determine the reasonableness of the requested attorneys' fees and costs. *Porges Electrical*, at *5; citing *Hensley v. Eckerhar*, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*; citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *see also S.J. Gargrave Syndicate at Lloyd's v. Black Const. Corp.*, 2006 WL 1815325, at * 2 (D. Guam 2006). Once the court has established the number of hours reasonably expended, the court must determine a reasonable hourly rate by considering the experience, skill, and reputation of the attorney requesting the fees. *Proges Electrical*, at *5; citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 121 (9th Cir. 1986). Other factors the court may consider include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) … , (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) … ,

(10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

Here, Defendants do not contest that Plaintiff counsel's rates are unreasonable. Defs' Opp'n p. 3 (Jan. 31, 2022). Instead, Defendant's contend that "what makes Plaintiff's requested attorney fees unreasonable is that the rounding up, block billing, and vague entries show that counsel's reported number of hours is likely inflated and leaves the court unable to evaluate the utility of the hours purportedly spent in the case." *Id.*

The Court disagrees. After a close review of Plaintiff's invoices it does not appear that Plaintiff's counsel engaged in excessive billing, or a pattern of rounding up, block billing, or vague entries. *See* Hemlani Second Supp. Decl. Ex. 1 (Mar. 2, 2022). The Court is satisfied that the invoices provide enough evidence to reflect that (1) an invoice was made at the end of every month since the inception of the case, (2) the monthly invoices identify the case matter in which the attorney's fees and costs were incurred, and (3) that Plaintiff counsels' attorney fees and costs rise and fall in accordance with the timeline of the proceedings and motions before this Court and the bankruptcy court. The fact that Plaintiff counsel's attorney fees rise and fall accordingly defeats Defendants' contention that Plaintiff's counsel "likely inflated" her hours. *See* Defs' Opp'n p. 3 (Jan 31, 2022). Therefore, based on the invoices, which sufficiently reflect the amount of time Plaintiff's counsel spent on enforcing Plaintiff's rights under the Lease/Purchase Agreement, coupled with Defendants' non-contention that Plaintiff counsel's rates are unreasonable, the Court finds that Plaintiff's requested attorney fees are reasonable and a reduction is not warranted.

### III. An award of attorney's fees for the related bankruptcy case is permitted by the Lease/Purchase Agreement.

Defendants argue that Plaintiff may not recover attorney fees and costs for the bankruptcy case because an award is not authorized by the Lease/Purchase Agreement. *See* Defs' Opp'n p. 8 (Jan. 31, 2022).

In the *Mobil* case, the Guam Supreme Court addressed the effect of a contractual lease provision for attorney's fees and what it means to enforce a right under such lease. The lease in *Mobil* stated, "in the event of judicial proceedings by either party against the other to enforce any of its rights hereunder, the party in default will pay the other party's reasonable attorney's fees and cost of suit." *Mobil*, 2004 Guam 7 ¶ 43. The appelle was seeking declaratory relief. *Id.* ¶ 45. However, the appellant, construing the language of the lease narrowly, argued that actions for declaratory relief are not authorized under the lease provision because such actions are not brought to *enforce* a party's rights under a contract. *Id.* ¶ 47. The Supreme Court declined to adopt such a narrow interpretation of the lease provision and held that attorney's fees were recoverable pursuant to lease provision because the lease was the source of the underlying action and was *central to the controversy. Id.* ¶ 48 (emphasis added).

The *Mobil* case suggests that contractual provisions allowing for the recovery of attorney's fees in an action to enforce a party's rights are to  to be interpreted broadly. Therefore, the question of whether Plaintiff may recover attorney's fees for the bankruptcy case pursuant to the Lease/Purchase Agreement turns on (1) whether the Lease/Purchase Agreement is *central to the controversy*, and (2) whether Plaintiff was enforcing its right under the Lease/Purchase Agreement in the bankruptcy case. The Court addresses each inquiry in turn.

**a. Whether the Lease/Purchase Agreement is *central to the controversy* in the bankruptcy case**

Here, the Lease/Purchase Agreement and the Property described therein are central to the dispute in the instant case. *See* V. Compl. ¶ 5, Ex. A (May 31, 2019). The same are central to the dispute in the bankruptcy case. Specifically, the dispute in the bankruptcy case involved a mortgage on the subject Property. *See* Hemlani Supp. Decl. Ex. 1, 1-A (Jan. 5, 2022). Therefore, the Court finds that the instant case and the bankruptcy case share a center of controversy that is the Lease/Purchase Agreement and the Property described therein. The Court now turns to the second inquiry.

**b. Whether Plaintiff was enforcing its right under the Lease/Purchase Agreement in the bankruptcy case**

As mentioned above, the bankruptcy case involved a mortgage on the subject Property. This led Plaintiff to file an Official Form 410 Proof of Claim as it relates to the subject Property. *See* Hemlani Supp. Decl. Ex. 1 (Jan. 5, 2022). In other words, mortgage on the Property which was the subject of the bankruptcy case, created a risk to Plaintiff's right to the very same Property. This evidence reflects that Plaintiff's participation in the bankruptcy proceedings was necessary to defend and enforce its rights under the Lease/Purchase Agreement and the Property described therein. The Court finds that Plaintiff's involvement in the bankruptcy case reflects its efforts to enforce its right under the Lease/Purchase Agreement. Having satisfied both inquiries, the Court finds that Plaintiff is entitled to attorney's fees for the related bankruptcy case.

**IV. This Court has the authority to award attorney's fees for the related bankruptcy case.**

Defendants contend that this Court does not have jurisdiction to award attorney fees for the separate bankruptcy case. Defs' Opp'n p. 6 (Jan. 31, 2022). The Court is not persuaded by

this argument. This Court is not deciding the substance of the bankruptcy case. Instead, the Court is to decide whether Plaintiff's involvement in the bankruptcy case is related to Plaintiff's effort to enforce its rights under the Lease/Purchase Agreement, which the Court has so found above. Further, the Court is not persuaded by the authorities cited by Defendant, and distinguishes each authority in turn.

### a. *Webber v. Miller* Distinguished

First, Defendants advance their argument by cherry picking convenient language from the *Webber* case, specifically that "Bankruptcy courts, through the United States district courts, have exclusive jurisdiction over the matter of attorney's fees in a bankruptcy proceeding." *Webber v. Miller*, 175 Vt. 592, 593 (Vt. 2003). *See* Defs' Opp'n p. 8 (Jan. 31, 2022).

The *Webber* case is neither applicable nor persuasive. The *Webber* case involved a live and "open" bankruptcy case. *See Webber*, at 594 (the "[p]laintiff's argument–that the bankruptcy court does not have exclusive jurisdiction because [the] plaintiff is suing the attorneys and not an estate directly–ignores the fact that the bankruptcy case is *still open* and that future awards of attorney's fees could be made, thereby affecting the property or assets of the estate under the core control of the bankruptcy court.") (emphasis added). That is not the case here as the record reflects that the bankruptcy case was dismissed. *See* Notice of Dismissal Ex. 1 (July 6, 2020). Furthermore, the *Webber* court takes the time to explain that "this case does not involve a lawsuit brought *after* the conclusion or *dismissal* of the underlying bankruptcy case by the bankruptcy court." *Webber*, at 594 (emphasis added). Therefore, Defendants' that this Court lacks jurisdiction to award attorney's fees related to the bankruptcy case, and its reliance on the *Webber* case fail.

### b. *Rockstad v. Erikson* Distinguished

Defendants further advance their argument that this Court lacks jurisdiction by citing to the *Rockstad* case and quoting: "where the substantive issues raised in a bankruptcy proceeding include issues of state law, federal courts have held that attorney's fees may be awarded where permitted or provided under the relevant state law. However, awarding fees is still part of the bankruptcy procedure, and as such it is a decision for the bankruptcy court to make." *Rockstad v. Erikson*, 113 P.3d 1215, 1225 (Ak. 2005). *See* Defs' Opp'n p. 8 (Jan 31, 2022).

Again, the Court is not persuaded by this authority. The *Rockstad* case involved a bankruptcy case between a lender and a borrower. *See Rockstad,* at 1218. That is not the case here. The bankruptcy case here involved a creditor/mortgagor (BankPacific), a debtor/mortgagee (Defendant), and Plaintiff as an interested party (buyer of the mortgaged property). *See* Hemlani Supp. Decl. Ex. 1-A (Jan. 5, 2022). As such, the context of the instant case is distinguished from the *Rockstad* case. Therefore, Defendants' argument and its reliance on the *Rockstad* case also fail.

### c. *In re 5900 Associates LLC* Distinguished

Finally, Defendants rely on the *In re 5900 Associates LLC* case for the contention that "11 U.S.C. § 330(a) establishes the exclusive means by which a claim for professional fees relating to a bankruptcy case is allowed and a debtor is simply not liable for professional fees … [that] have not been allowed by the bankruptcy court." *In re 5900 Associates LLC,* 326 B.R. 402, 405 (E.D. Mich. 2005); *See* Defs' Opp'n p. 8 (Jan. 31, 2022).

This authority still does not persuade the Court. The *In re 5900 Associates* case involves a debtor who filed a petition for bankruptcy and was authorized by the bankruptcy court to retain a specific attorney as its counsel. *In re 5900 Associates LLC,* at 404. Compensation for that attorney was to "be paid after application and Court Order authorizing

payment." *Id*. None of those circumstances exist here. Instead, the instant case involves a Lease/Purchase Agreement that allows the prevailing party to recover reasonable attorney fees from the non-prevailing party in any action brought to enforce a right or obligation under its provisions. *See* V. Compl. Ex. A (May 31, 2019). Therefore, Defendants' argument and its reliance on the *In re 5900 Associates LLC* case still fail.

In sum, the Court finds the following: (1) the Lease/Purchase Agreement falls within the contract exception of the American rule for attorney's fees; (2) Plaintiff is the prevailing party and is entitled to the an award for attorney's fees; (3) Plaintiff counsel's attorney fees are reasonable and no reduction is warranted; (4) the Lease/Purchase Agreement permits Plaintiff to recover attorney's fees for the related bankruptcy case; and (5) this Court has the authority to award attorney's fees for both the instant case and the related bankruptcy case.

## CONCLUSION

For the reasons set forth above, the Court the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs.

**IT IS SO ORDERED** MAY 1 7 2022 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:
M. Henry
M William
Date:_____ Time: 5/17/22

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam